**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4623**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO LAMAR LEACH,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00294-RJC-DSC-1)

Submitted: May 15, 2018                                    Decided: May 31, 2018

Before KING and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Charlotte, North Carolina, Joshua B. Carpenter, Appellate Chief, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Lamar Leach pled guilty pursuant to a written plea agreement to distribution and possession with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012). The district court determined that Leach was a career offender, calculated his advisory sentencing range under the U.S. Sentencing Guidelines Manual (2016) at 188 to 235 months' imprisonment, and sentenced him to 235 months' imprisonment. Leach's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether the district court erred in concluding that Leach was a career offender. Specifically, counsel questions whether Leach's prior North Carolina state convictions for assault by strangulation and common law robbery qualify as predicate crimes of violence for career offender purposes. Leach was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief and does not seek to enforce the appeal waiver in Leach's plea agreement.[1] Finding no reversible error, we affirm.

We review de novo whether a prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Salmons*, 873 F.3d 446, 448 (4th Cir. 2017). A "crime of violence" is:

---

[1] Because the Government fails to assert the waiver as a bar to this appeal, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) [(2012)] or explosive material as defined in 18 U.S.C. § 841(c) [(2012)].

USSG § 4B1.2(a).

We need not resolve whether the district court erred in determining that Leach's prior conviction for assault by strangulation qualifies as a crime of violence under § 4B1.2(a) because, if any error occurred, it was harmless. *See United States v. McManus*, 734 F.3d 315, 318 (4th Cir. 2013) ("[S]entencing error is subject to harmlessness review. Sentencing error is harmless if the resulting sentence is not longer than that to which the defendant would otherwise be subject." (internal quotation marks and alterations omitted)). Leach's prior North Carolina state conviction for common law robbery "categorically qualifies as 'robbery,' as that term is used within [USSG] § 4B1.2(a)(2)." *United States v. Gattis*, 877 F.3d 150, 156 (4th Cir. 2017), *cert. denied*, ___ S. Ct. ___, No. 17–8044, 2018 WL 1278447 (U.S. Apr. 16, 2018). As counsel correctly recognizes, this conviction and Leach's prior North Carolina state conviction for selling cocaine qualify as career offender predicates.[2] As a result, any error by the

---

[2] To qualify as a career offender, a defendant must, among other requirements, have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A controlled substance offense includes "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution[] or dispensing of a controlled substance (or a counterfeit substance)." USSG § 4B1.2(b). Leach's prior North Carolina state
(Continued)

district court in determining that Leach's assault by strangulation conviction qualified as a crime of violence is harmless and must be disregarded. *See United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.) ("Rule 52(a) of the Federal Rules of Criminal Procedure mandates that we must disregard harmless errors."), *cert. denied*, 138 S. Ct. 208 (2017).

In accordance with *Anders*, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Leach, in writing, of the right to petition the Supreme Court of the United States for further review. If Leach requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Leach.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

conviction for selling a schedule II controlled substance—for which he received a prison sentence of 13 to 16 months' imprisonment—qualifies as a controlled substance offense.

4